UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-04192-SPG-SSC | Date | July 28, 2026 |
|---|---|---|---|
| Title | Carrera Macias v. Warden, Adelanto ICE Processing Center | | |

| Present: The Honorable | SHERILYN PEACE GARNETT UNITED STATES DISTRICT JUDGE |
|---|---|

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:      (IN CHAMBERS) ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 2]**

On July 27, 2026, Petitioner Carrera Macias ("Petitioner") filed a Petition for a Writ of Habeas Corpus, (ECF No. 1 ("Petition"), and an Ex Parte Application for a Temporary Restraining Order, (ECF No. 2 ("Application")). According to the Petition, Petitioner is a Venezuelan national detained by United States Immigration and Customs Enforcement ("ICE"). *See* (Petition at 4). Petitioner entered the United States when he was seventeen years old and, upon entry, applied for asylum. *See* (*id.* at 2). In July 2026, Petitioner was arrested by the police in Salt Lake City, Utah, and, later that month, transferred to the ICE Processing Center in Adelanto, California. *See* (*id.* at 2). Petitioner argues that ICE detained him in violation of his rights under the Fifth Amendment's Due Process Clause, the statutory requirements for detention under the Immigration and Naturalization Act, and Department of Homeland Security regulations interpreting those requirements. *See* (*id.* at 8-12).

In his Application, Petitioner argues that he will suffer irreparable harm unless the Court orders his immediate release, pending adjudication of his Petition. *See* (Application at 4). In support, Petitioner argues that his detention is unlawful, and unlawful detention necessarily constitutes irreparable harm. *See* (*id.*). Petitioner also claims that, as a result of his detention, he is suffering from stress, anxiety, and depression; he is experiencing gastrointestinal discomfort; he is currently separated from his family; and he has lost income from his job. *See* (*id.*). Finally, Petitioner argues that he is at imminent risk of being transferred to another detention center, removed from the United States, or missing deadlines in his pending asylum case. *See* (*id.*).

The Central District of California's General Order 26-05 establishes an expedited procedure for writs of habeas corpus filed by persons seeking immigration-related relief. This process requires the Government to file a notice of appearance within three days after the Clerk's Office issues a notice that the case is subject to General Order 26-05, requires the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-04192-SPG-SSC | Date | July 28, 2026 |
|---|---|---|---|
| Title | Carrera Macias v. Warden, Adelanto ICE Processing Center | | |

Government to respond to the habeas petition within seven days of the notice, and requires petitioners to file a reply within three days thereafter. *See* C.D. Cal. GO 26-05 § 2. Following receipt of the petitioner's reply, habeas petitions "will stand submitted for final disposition." *Id.* Because the "standard scheduling order" under General Order 26-05 is "intended to provide a prompt resolution to habeas petitions," "[a]pplications for temporary restraining orders" in cases seeking release from immigration detention "should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." *Id.* § 3.

Petitioner has not shown that interim injunctive relief is necessary to prevent irreparable harm that cannot be remedied through the Central District's expedited process for habeas petitions seeking immigration-related relief. *See Hoang v. Marin*, No. 5:26–CV–01700–AB–ACCV, 2026 WL 1045654, at *1 (C.D. Cal. Apr. 13, 2026) (denying TRO because "the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition"). Many of the asserted harms identified in the Application—such as Petitioner's claim that he is subject to unlawful detention, he is suffering from stress and anxiety, he is separated from his family, and he is unable to earn money while incarcerated—are common to most habeas petitions brought by individuals in immigration detention. *See Wang*, 2026 WL 931095, at *1 (petitioners must show a "specific, individualized exigency" necessitates immediate relief). Petitioner's argument that he may miss deadlines in his asylum case during the pendency of his detention is too speculative to constitute irreparable harm. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."). Similarly, Petitioner has not shown that he is likely to be removed from the United States or transferred outside the Central District of California in the imminent future.[1]

For the foregoing reasons, the Court DENIES the Application and REFERS the case back to Magistrate Judge Stephanie Christensen for further proceedings.
**IT IS SO ORDERED.**

_____  :  _____

Initials of Preparer   pg   _____

---

[1] Further, pursuant to General Order 26-05, the Government is required to provide Petitioner and the Court with advance notice of its intent to remove Petitioner from the Central District of California. *See* C.D. Cal. GO 26-05 § 6. Therefore, in the event the Government seeks to remove Petitioner, he will have the opportunity to challenge his removal. *See id.*